Richardson, J ,
dissenting.
What is the principle of law upon which the Judge charged the jury? Upon that principle, whatever it was, the verdict is placed, and can stand only if the principle be correct. The Judge states the case as follows: “Assumpsit on a note of hand, of defendant, dated 17 th January, 1837, payable to John Ramsay, or hearer, for $325 63, due at one day, and transferred, after due, to plaintiff’s testator. The defendant offered, by way of discount, under notice, a note drawn by Ramsay, 19th December, 1838, payable to L. M. Spann, or bearer, duo at one day, and transferred to the defendant, 7th January, 1839. The time when the note sued on was transferred by Ramsay to the plaintiff’s testator, was not proved. It was still in Ramsay’s hands as late as the 25th December, 1838, and six days after the date of his note to L. M. Spann. There was no proof that he retained it, when the latter note was transferred to the defendant; much less was there any proof of an agreement or understanding between *172 Ramsay and the defendant, that the notes should be discounted,* the one against the other. Without such proof, and without knowledge on the part of plaintiff’s testator, when he obtained the note from Ramsay, that there existed any counter claim by way of discount, I held, that the fact of the note sued on, being transferred after due, had no other effect than to enable the defendant to avail himself of the want or failure of consideration, or of some equitable defence arising out of the transaction on account of which the note was given, and did not enable the defendant to set up, by way of discount, any other separate and independent demand which he might have or acquire against the payee.
“ The plaintiff offered in evidence, a letter of 31st January, 1840, from the defendant to the plaintiff herself, or her testator, asking forbearance, and promising to pay.”
It is plain that the case presented this question of law: Was it necessary for Spann to prove that, at the date of his discount, (7th January, 1839,) Ramsay still retained his note ? or was the time when Ramsay transferred that note to Cain, a question for the jury, under attending circumstances ? I maintain that the jury alone should have decided the fact from the circumstances.
But the charge to the jury presupposes that no defence can be set up, but such as was intrinsic to the note, or would arise out of the equity of that single transaction; unless by agreement with or notice to the endorsee, or unless it be proved that Ramsay still held Spann’s note, at the time Spann took the transfer of Ramsay’s note. This would exclude, of course, all discount, and balancing of accounts, however just, between the maker, (Spann the payee, and J. Ramsay,) as extrinsic to the matter of the note, unless Spann proved expressly, that his note was in the hands of Ramsay on the 7th of January, 1839.
But, is this the proper principle ? The purport of the endorsement of a note already due, is that of an order to pay the money to the endorsee; which order, the maker has, by virtue of his note, already accepted. But only to the extent of his true indebtedness at the time of the endorsement. It amounts to the acceptance of a bill, if so much be due the drawer: and the note is to be settled by the adjustment of their mutual accounts, to be made with the endorsee, instead of the payee. Where a negotiable note's endorsed by the payee, *before due, the maker is confined to the written terms of his note. Whatever be his counter demand upon the payee, the note has become his bill of credit, for so much money, which he must pay to the endorsee, without abatement.
But, whenever the note has been endorsed after due, the endorsee receives it upon the faith and credit of the endorser alone, and the maker may set up any defence that he could have done against the payee at the time of transfer. Williams & Co. vs. Hare, (2 Hill, 483;) 3 Term, 82; 7 T. 429; Chitty, 143; 3 Kent, 91; 3 McC. 549; 2 Bail. 354. The true inquiry, then, in the case, should have been, whether the discount of the defendant would have been good and available against John Ramsay at the time of the transfer. Suppose, for example, the endorsee, upon receiving the note from John Ramsay, and ignorant of any discount, and, as the fact was, without any notice or agreement, had called on the maker (Spann) for payment; and Spann had presented Bamsay’s *173 note, or the note and the balance in money, would not Spann’s note have been paid in full ? or pro tanto according to his tender? And, for the purposes of the charge to the jury, this was substantially the case before the Court. For the jury were to decide, whether Spann received Ramsay’s note in due lime, to render it available against the endorsee, and could have so presented it. This should have been the question. And Spann’s subsequent letter of 31st January, 1840, may, very possibly, have indicated the fact against him. But that remains to be tried by the jury.
If this be not the true question, then any bank may sue A, upon his note, endorsed by another bank, after due, and A cannot bring in discount the bills of the endorsing bank, to meet his own note; and, if so, any broken bank has only to let its discounted notes become due, endorse them over for value at a time unspecified, and the makers cannot discount the bills of such bank, collected for the purpose of paying these very notes, uidess the makers can also prove the precise time when their own notes had been endorsed. In the case before us, if Cain truly held Spann’s note before the 7th of January, he could have proved the fact, by showing that ho had the note in possession. But Spann could only disprove it by circumstances adduced, and leave the presumption to the jury. In such case, the notes should, or at least, may, discount each * other, just as if Spann’s note remained in the hands of Ramsay, nnless it appear that his note had been transferred to Cain before the 7th of January. If it be not so, then Cain took the dishonored note upon the credit, not of the endorser, but the maker, which reverses the law of the case, (see 3 Term, 82,) and would throw the burden of express proof upon the defendant, who had only undertaken to pay what he owed llamsay at the time of the transfer to Cain. It is unnecessary to go so far as to say, that after Spann proved that Ramsay held the note as late as the 25th December, 1838, at least, the burden of proving that Cain received it before the 7th January, fell upon the plaintiff. But I do conceive it was the very point of the case, and for the jury to decide, under the facts, before the Court; and that, therefore, there ought to be a new trial, for error in the charge, in supposing that the burden lay altogether upon the defendant.
Gannt, J., concurred.